MICHAEL N. BEEDE, ESQ.
Nevada Bar No. 13068
JAMES W. FOX, ESQ.
Nevada Bar No. 13122
**THE LAW OFFICE OF MIKE BEEDE, PLLC**
2470 St. Rose Pkwy., Ste. 307
Henderson, NV 89074
eservice@legalLV.com
Telephone (702) 473-8406
Facsimile (702) 832-0248
*Attorneys for Plaintiff, LV Debt Collect, LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LV DEBT COLLECT, LLC, | CASE NO. 2:16-cv-02857-APG-NJK |
| Plaintiff, | |
| vs. | |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-02; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NATIONS FIRST LENDING, INC.; WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive; ROE CORPORATIONS 1 through 10, inclusive, | **STIPULATION AND [PROPOSED]ORDER TO AMEND COMPLAINT** **AND** **REMAND ACTION TO STATE COURT** |
| Defendants, | |

Plaintiff LV Debt Collect, LLC (herafter "Plaintiff"), by and through its attorneys of record, Michal N. Beede, Esq. and James W. Fox, Esq., of The Law Office of Mike Beede, PLLC, and Defendant The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-02 (herafter "BONY"), by and through its attorneys of record, Darren T. Brenner, Esq. and Tenesa S. Powell, Esq., of Akerman, LLP, stipulate and agree to the following:

1

1. The parties hereto stipulate to add John L. Quinnear, as Trustee of The Q Family Trust Dated November 17, 2004; John L. Quinnear in his individual capacity, Nancy L. Quinnear, as Trustee of the Q Family Trust Dated November 17, 2004; Nancy L. Quinnear in her individual capacity; The Q Family Trust Dated November 17, 2004 (all previous owners); Eagle Rock Homeowners Association Homeowners Association/Previous Owner); and Nevada Association Services, Inc. (Agent for Homeowners Association) as Defendants.
2. Plaintiff LV Debt Collect, LLC's proposed first amended complaint attached hereto as Exhibit 1 shall be filed with this court.

The parties further stipulate and agree to the following:

1. 28 U.S.C. Code § 1447(c) states:

    A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

2. Furthermore, 28 U.S.C. Code § 1447(e) states:

    If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Defendant Wells Fargo filed its Petition for Removal to this Court on December 9, 2016 (ECF No. 1). However, Wells Fargo and Plaintiff have since resolved the claims between them and filed a dismissal and disclaimer of interest on 3/22/2019. Defendant MERS was served and has not yet filed a responsive pleading, on 3/21/2019 this court entered an order directing MERS to respond by 4/4/2019, MERS and Plaintiff are finalizing a disclaimer of MERS's interest which will be filed with the State Court after remand. A Clerk's Default against Nations First Lending, Inc. was entered on 3/22/2019.

Upon information and belief, all new Defendants included in Plaintiff's First Amended Complaint are individuals and corporations doing business in Nevada. Remaining Defendant The

Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-02, Mortgage Pass-Through Certificates, Series 2005-02 (hereafter "BONY"), is a foreign corporation doing business in Clark County, Nevada, and have agreed to continue proceedings in the Eighth Judicial District Court in Clark County Nevada. As a result, complete diversity no longer exists among the parties, and this Court no longer retains subject matter jurisdiction.

Therefore, the parties stipulate to remand this action to the Eighth Judicial District Court in Clark County, Nevada.

DATED this 2nd day of April, 2019.

THE LAW OFFICE OF MIKE BEEDE, PLLC

By: /s/ James W. Fox
    MICHAEL BEEDE, ESQ.
    Nevada Bar No. 13068
    JAMES W. FOX, ESQ.
    Nevada Bar No. 13122
    2470 St. Rose Pkwy, Suite 307
    Henderson, NV 89074
    T: 702-473-8406
    *Attorneys for Plaintiff, LV Debt Collect, LLC*

DATED this 2nd day of April, 2019.

AKERMAN LLP

By: /s/ Tenesa S. Powell
    DARREN T. BRENNER, ESQ.
    Nevada Bar No. 8386
    TENESA S. POWELL, ESQ.
    Nevada Bar No. 12488
    1635 Village Center Circle, Suite 200
    Las Vegas, NV 89134
    T: 702-634-5000
    *Attorneys Defendant, Bank of New York Mellon fka Bank of New York, as Trustee for the Certificate Holders, CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-02, Mortgage Pass-Through Certificates, Series 2005-02*

**Case Name:** LV Debt Collect, LLC v. The Bank of New York Mellon, et al.
**Case Number:** 2:16-cv-02857-APG-NJK

# ORDER

The Court, having reviewed the stipulation of the parties, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff is permitted to amend its Complaint to include John L. Quinnear, as Trustee of The Q Family Trust Dated November 17, 2004; John L. Quinnear in his individual capacity, Nancy L. Quinnear, as Trustee of the Q Family Trust Dated November 17, 2004; Nancy L. Quinnear in her individual capacity; The Q Family Trust Dated November 17, 2004; Eagle Rock Homeowners Association; and Nevada Association Services, Inc. as Defendants. The Amended Complaint attached hereto as Exhibit 1 shall be filed with this Court.

**IT IS FURTHER ORDERED** that the present action be remanded back to the Eighth Judicial District Court of Clark County Nevada.

**IT IS SO ORDERED.**

Dated this  3rd  day of April, 2019.

_____
**UNITED STATES DISTRICT JUDGE**

Submitted by:
THE LAW OFFICE OF MIKE BEEDE, PLLC


By:/s/ *James W. Fox*
    MICHAEL BEEDE, ESQ.
    Nevada Bar No. 13068
    JAMES W. FOX, ESQ.
    Nevada Bar No. 13122
    2470 St. Rose Pkwy, Suite 307
    Henderson, NV 89074
    T: 702-473-8406
    *Attorneys for Plaintiff, LV Debt Collect, LLC*

4

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and that I am not a party to, not interested in, this action. On the 2nd day of April, 2019, I caused a true and correct copy of the foregoing **STIPULATION AND [PROPOSED]ORDER TO AMEND COMPLAINT AND REMAND ACTION TO STATE COURT** to be served to all parties in this litigation by the method indicated:

\_\_\_ U.S. Mail

\_\_\_ U.S. Certified Mail

\_\_\_ Facsimile Transmissions

\_\_\_ Federal Express

_X_ Electronic Service via CM/ECF

\_\_\_ E-Mail

*/s/ Michael Madden*
An Employee of The Law Office of Mike Beede, PLLC

# EXHIBIT 1

# EXHIBIT 1

| | |
|---|---|
| 1 | MICHAEL N. BEEDE, ESQ. |
| | Nevada State Bar No. 13068 |
| 2 | JAMES W. FOX, ESQ. |
| | Nevada State Bar No. 13122 |
| 3 | **THE LAW OFFICE OF MIKE BEEDE, PLLC** |
| | 2300 W Sahara Ave., Suite 420 |
| 4 | Las Vegas, NV 89102 |
| 5 | Telephone (702) 473-8406 |
| | Facsimile (702) 832-0248 |
| 6 | eservice@legallv.com |
| 7 | *Attorneys for Plaintiff* |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| LV DEBT COLLECT, LLC, | | CASE NO.: 2:16-CV-02857-APG-NJK |
| Plaintiff, | | |
| v. | | |
| JOHN L. QUINNEAR as Trustee of The Q Family Trust Dated November 17, 2004; JOHN L. QUINNEAR in his individual capacity; NANCY L. QUINNEAR as Trustee of The Q Family Trust Dated November 17, 2004;NANCY L. QUINNEAR in her individual capacity; The Q Family Trust Dated November 17, 2004; EAGLE ROCK HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2005-02, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-02; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NATIONS FIRST LENDING, INC.; WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive; ROE CORPORATIONS 1 through 10, inclusive, | | **PROPOSED AMENDED COMPLAINT: QUIET TITLE EXEMPTION FROM ARBITRATION:** Title to real property |
| Defendants. | | |

1

COMES NOW, LV Debt Collect, LLC (hereafter, "Plaintiff"), by and through its attorney, Michael N. Beede, Esq., and hereby amends its complaint and alleges against the above-named Defendants as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This action relates to the ownership and title to certain residential real property located in Clark County, Nevada commonly known as 516 Pinnacle Heights Lane and bearing Clark County Assessor's Parcel Number 138-30-312-031 (the "Property"). Accordingly, jurisdiction and venue are appropriate in Clark County, Nevada.

2. Plaintiff, LV Debt Collect, LLC, is a limited liability company doing business in Clark County, Nevada, and is the record owner of the Property.

3. Upon information and belief, Defendant The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-02, Mortgage Pass-Through Certificates, Series 2005-02 (hereafter, "BONY") is a foreign corporation doing business in Clark County, Nevada.

4. Upon information and belief, Defendant Mortgage Electronic Registration Systems, Inc. (hereafter, "MERS") is a foreign corporation doing business in Clark County, Nevada.

5. Upon information and belief, Defendant Nations First Lending, Inc. (hereafter, "NFLI") is a foreign corporation doing business in Clark County, Nevada.

6. Upon information and belief, Defendant Wells Fargo Bank, N.A. (hereafter, "Wells Fargo") is a national association doing business in Clark County, Nevada.

7. Upon information and belief, Defendant John L. Quinnear (in his individual capacity and as trustee of the The Q Family Trust Dated November 17, 2004) is a resident of Clark County, Nevada, and was one of the owners of the Property prior to the issuance of a foreclosure deed to Eagle Rock Homeowners Association on June 14, 2011.

8. Upon information and belief, Defendant Nancy L. Quinnear (in her individual capacity and as trustee of the The Q Family Trust Dated November 17, 2004) is a resident of

1. Clark County, Nevada, and was one of the owners of the Property prior to the issuance of a foreclosure deed to Eagle Rock Homeowners Association on June 14, 2011.

9. Because on information and belief its trustees are citizens of Nevada, Defendant, The Q Family Trust Dated November 17, 2004 is a citizen of Nevada.

10. Upon information and belief, Defendant Eagle Rock Homeowners Association (hereafter, "HOA") is a domestic non-profit corporation in Clark County, Nevada that holds an interest in the Property through the Declaration of Covenants, Conditions, and Restrictions adopted by same.

11. Upon information and belief, Defendant Nevada Association Services, Inc. (hereafter, "HOA Trustee") is a domestic corporation, doing business in Clark County, Nevada, and was the party responsible for conducting the foreclosure sale of the Property.

12. The true names and capacities, whether individual, corporate, associate or otherwise, of Does 1 through 10, inclusive, and Roe Business entities 1 through 10, inclusive, are unknown to the Plaintiff at this time. Plaintiff therefore sues said Does and Roes by said names, as Plaintiff believes that said Does and/or Roes are in some way responsible for some or all of Plaintiff's damages set forth herein. Plaintiff will request leave of this Court to amend its Complaint when such names and identities become known to it.

13. Jurisdiction and venue are proper in this Court because this action concerns real property located in the County of Clark, State of Nevada, and the facts, acts, events and circumstances herein mentioned, alleged and described occurred in the County of Clark, State of Nevada.

**GENERAL ALLEGATIONS**

14. The Property is located at 516 Pinnacle Heights Lane, bearing Clark County Assessor's Parcel Number 138-30-312-031, and the legal description of: Eagle Rock, Plat Book 73, Page 53, Lot 98, Block 2 Clark County.

15. Plaintiff's predecessor in interest, Eagle Rock Homeowners Association, obtained title to the Property by way of Foreclosure Deed issued pursuant to NRS 116 which was recorded on June 20, 2011.
16. This title to the Property was transferred to Plaintiff by way of a Quit Claim Deed recorded with the Clark County Recorder on July 2, 2013 as instrument no. 201307020002262.
17. Pursuant to NRS 116.31166, and *Deutsche Bank Nat'l Trust Co. v. Roland*, 2014 Nev. Unpub. LEXIS 507; 2014 WL 1319106, it is conclusively proved that each of the Defendants was noticed by Nevada Association Services, Inc. of the underlying foreclosure sale and that all relevant provisions of NRS 116 were complied with. A copy of the Notice of Foreclosure Sale was recorded on November 19, 2010.
18. Plaintiff's title stems from a Foreclosure Deed arising from a delinquency in assessments due from the former owners, Defendants John L. Quinnear and Nancy L. Quinnear, as trustees for the Q Family Trust Dated November 17, 2004, to Eagle Rock Homeowners Association pursuant to NRS Chapter 116.
19. Eagle Rock Homeowners Association took title to the Property free and clear of all junior liens and encumbrances affecting title to the Property, including any Deed of Trust, any assessments or other fees claimed in its role as the homeowners association accruing prior to the date of the Deed, and any claim to title of the Property that may be asserted to by Defendants.
20. Notwithstanding the recording of the Deed on June 20, 2011, Plaintiff is informed and believes that Defendants claim to continue to hold an interest in the Property superior to that of Plaintiff's by virtue of their purported Deed of Trust.
21. Plaintiff is informed and believes Nancy L. Quinnear granted a deed of trust in favor of NFLI, naming MERS as beneficiary, which was recorded with the Clark County Recorder on December 2, 2004.

22. On December 24, 2012, an assignment of the aforementioned Deed of Trust was recorded which purported to transfer the beneficial interest thereof from NFLI to BONY.

23. Plaintiff is informed and believes that Nancy L. Quinnear, as Trustee for the Q Family Trust Dated November 17, 2004 also granted an open-ended deed of trust in favor of Wells Fargo, which was recorded with the Clark County Recorder on August 2, 2007.

24. No subsequent assignments of the Wells Fargo deed of trust were recorded.

25. The claims to title of the Property asserted by each Defendant conflict with Plaintiff's claim to title and constitute a cloud upon title.

26. The interest of each of the Defendants, if any, has been extinguished by virtue of the foreclosure sale, which was properly conducted with adequate notice given to all persons and entities claiming a recorded interest in the subject property, and resulting from a delinquency in assessments due from the former owner, to Eagle Rock Homeowners Association, pursuant to NRS Chapter 116 and *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.,* 334 P.3d 408 (2014).

27. Therefore, Plaintiff brings the instant action to quiet all claims against all known persons and/or entities claiming legal or equitable interests in the Property.

## **ALTERNATIVE ALLEGATIONS**

28. Plaintiff pleads the following facts in the alternative:

29. On July 3, 2013 Defendant Nanci L. Quinnear, in her individual capacity and in her capacity as Trustee of The Q Family Trust dated November 17, 2004, executed a "Grant, Bargain, Sale Deed" to the subject property in favor of LV Debt Collect, LLC.

30. Pursuant to NRS 111.170(1)(b), Grant, Bargain, Sale Deeds must be construed to include a covenant with the Grantee "That the real property is, at the time of the execution of the conveyance, free from encumbrances, done, made or suffered by the grantor, or any person claiming under the grantor."

31. NRS 111.170(2) provides that "Such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance."
32. If any of the Deeds of Trust described in the foregoing paragraphs remain as valid encumbrances on the subject property, Defendant Nanci L. Quinnear, in her individual capacity and in her capacity as Trustee of The Q Family Trust dated November 17, 2004, and Defendant, The Q Family Trust dated November 17, are liable for damages resulting from a violation of the covenant which is inherent in the Grant, Bargain, Sale deed.

# FIRST CLAIM FOR RELIEF ACTION

**(Declaratory Relief/Quiet Title Pursuant to NRS 30.010, et. seq. and NRS 116, et. seq. Against All Defendants)**

33. Plaintiff incorporates each and every of the preceding paragraphs as if fully set forth herein.
34. Pursuant to NRS 30.030, et seq. and NRS 40.010, this Court has the power and authority to declare Plaintiff's rights and interests in the Property and to resolve the Defendants' adverse claims to the Property.
35. Plaintiff's predecessor in interest, Eagle Rock Homeowners Association, acquired the Property by successfully bidding on the Property at a public sale held on May 27, 2011 in accordance with NRS Chapter 116, and became the rightful owner of the Property by virtue of the Foreclosure Deed.
36. Plaintiff obtained title to the Property through the execution of a Quit Claim Deed, recorded on July 2, 2013, as instrument no. 201307020002262, and is the rightful owner of the Property by virtue of the aforementioned Quit Claim Deed.
37. Upon information and belief, the Defendants herein assert claims to the Property adverse to that of Plaintiff.
38. Plaintiff is entitled to a declaratory judgment from this court finding that: (1) Plaintiff owns the Property in fee simple free and clear of any interest in the Property claimed

by any and all Defendants; (2) the Deed is valid and enforceable; (3) the conveyance of the Property to Eagle Rock Homeowners Association through the Foreclosure Deed extinguished Defendants' security and/or ownership interests in the Property; (4) any attempt to transfer of title to the Property through a non-judicial foreclosure sale pursuant to any Deed of Trust would be invalid; and (5) Plaintiff's rights and interest in the Property are superior to any adverse interests claimed by Defendants.

39. Plaintiff seeks an Order from the Court quieting title to the Property in favor of the Plaintiff.

## SECOND CLAIM FOR RELIEF

**(Preliminary and Permanent Injunction against all Defendants)**

40. Plaintiff incorporates each and every of the preceding paragraphs as if fully set forth herein.

41. Plaintiff's predecessor in interest, Eagle Rock Homeowners Association, acquired the Property by successfully bidding on the Property at a public sale held on May 27, 2011 in accordance with NRS Chapter 116, and became the rightful owner of the Property by virtue of the Foreclosure Deed.

42. Plaintiff obtained title to the Property through the execution of a Quit Claim Deed, recorded on July 2, 2013, as instrument no. 201307020002262, and is the rightful owner of the Property by virtue of the aforementioned Quit Claim Deed.

43. Notwithstanding the conveyance of the Property to Plaintiff, Defendants continue to claim adverse interests in the Property through the Deeds of Trust.

44. Plaintiff is informed and believes that one or more Defendants may improperly attempt to complete a non-judicial foreclosure sale of the Property under one of the Deeds of Trust pursuant to NRS Chapter 107.080, et seq. despite the fact that Plaintiff holds a superior interest in the Property.

45. Plaintiff is entitled to a preliminary injunction and permanent injunction prohibiting all Defendants from initiating or attempting to complete any foreclosure proceeding

under either Deed of Trust, or otherwise attempting to transfer title to the Property thereunder.

### THIRD CLAIM FOR RELIEF

**(Breach of Contract against Defendants The Q Family Trust dated November 17, 2004 and Nanci L. Quinnear, in her individual capacity and in her capacity as Trustee of The Q Family Trust dated November 17, 2004, and Defendant)**

46. Plaintiff and Defendants entered into a valid and existing contract as evidence by the Grant, Bargain, Sale Deed granted by the Defendants to Plaintiff.
47. Plaintiff performed its duties under the contract.
48. If the property was encumbered at the time the Deed was granted, Defendants failed to perform and were not excused from performing the duty they owed Plaintiff.
49. If the property was encumbered at the time the Deed was granted, Plaintiff sustained damages as a result of the breach.

### PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for relief as follows:**

1. For a determination and declaration that Plaintiff is the rightful owner of title to the Property, free and clear of all claims of the Defendants;
2. For and award of special damages, including reasonable attorneys' fees;
3. For court costs incurred;
4. For such other and further relief as the Court deems just and proper.
5. For a preliminary and permanent injunction prohibiting all Defendants from initiating or continuing foreclosure proceedings or otherwise attempting to transfer title to the Property;

**In the alternative Plaintiff prays for relief as follows:**

6. For a judgment against The Q Family Trust dated November 17, 2004 and Nanci L. Quinnear, in her individual capacity and in her capacity as Trustee of The Q

Family Trust dated November 17, 2004, for damages which resulted from a breach of the covenants inherent in the Grant, Bargain, Sale Deed.

7. For court costs incurred;
8. For such other and further relief as the Court deems just and proper.

DATED this 13th day of March 2019.

        THE LAW OFFICE OF MIKE BEEDE, PLLC

        BY:  <u>/s/James W. Fox</u>
          MICHAEL N. BEEDE, ESQ.
          Nevada State Bar No. 13068
          JAMES W. FOX, ESQ.
          Nevada State Bar No. 13122
          2300 W Sahara Ave., Suite 420
          Las Vegas, NV 89102
          Telephone (702) 473-8406
          *Attorneys for Plaintiff*